# SETTLEMENT AGREEMENT

This Settlement Agreement, General Release and Waiver (the "Agreement"), is entered into this 30 day of December____ 2020 by and between Plaintiff Marina Narvaez ("Plaintiffs"), on the one hand, and defendants BLACK LABEL SALON 25 CORP. (DBA Black Label Salon) and Seung Lee and Connie Lee (Individually) the "Defendants," on the other hand.

## WITNESSETH:

**WHEREAS**, an action were commenced on <u>June 11, 2020</u> by Plaintiffs against Defendants in the United States District Court for the Southern District of New York, Case No. 1:20 CV 4465 (the "Lawsuit") asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit, including, but not limited to, all claims alleged or which could have been alleged in the Lawsuit;

**WHEREAS**, Plaintiffs and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for, and in consideration of, the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement Sum**.

    A.  Defendants shall cause to be delivered, in full and final settlement of the Lawsuit, including all claims that Plaintiffs could have asserted therein, to Stillman Legal, P.C., Attn: Lina Stillman, Esq., 42 Broadway, 12th Floor, New York, New York 10004, the sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Sum"). The Settlement Sum shall be paid as follows:

    i.  Within thirty (30) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

    ii. Within sixty (60) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

iii. Within ninety (90) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

iv. Within one hundred and twenty (120) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

v. Within one hundred and fifty (150) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

vi. Within one hundred and eighty (180) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

vii. Within two hundred and ten (210) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

viii. Within two hundred and forty (240) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

ix. Within two hundred and seventy (270) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($1,333.33). This amount will be paid to Plaintiff Marina Narvaez.

x. Within three hundred (300) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven

dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

xi. Within three hundred and thirty (330) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

xii. Within three hundred and sixty (360) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to Plaintiff Marina Narvaez.

xiii.   Within three hundred and ninety (390) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of Five Hundred and Fifty Dollars ($550.00). This amount will be paid to Plaintiff Marina Narvaez. Another Check in the amount of Five Hundred Sixty One Dollars and Eleven Cents $561.11 will be paid to "STILLMAN LEGAL PC"

xiv.   Within four hundred and twenty (420) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to "STILLMAN LEGAL PC"

xvi.   Within four hundred and fifty (450) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to "STILLMAN LEGAL PC"

xviii.   Within four hundred and eighty (480) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to "STILLMAN LEGAL PC"

xx. Within five hundred and ten (510) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven

dollars and eleven cents ($1111.11). This amount will be paid to "STILLMAN LEGAL PC"

xxii. Within five hundred and forty (540) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiffs' counsel, in the total amount of One thousand, One hundred eleven dollars and eleven cents ($1111.11). This amount will be paid to "STILLMAN LEGAL PC"

2. **Dismiss Action with Prejudice**. For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiffs acknowledge to be sufficient consideration to support this Agreement, Plaintiffs shall withdraw, in writing, and secure the dismissal with prejudice, of the Lawsuit against Defendants. Plaintiffs hereby warrants that they have not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than the Lawsuit, which they agree to dismiss with prejudice. To that end, Plaintiffs authorizes his counsel to execute a Stipulation of Dismissal and Order, in the form set forth hereto as Exhibit A, and to cooperate with Defendants as required in ensuring the dismissal of the Lawsuit with prejudice, including, but not limited to, obtaining the Court's approval of the within settlement as fair and reasonable.

3. **No Admissions**. This Agreement does not constitute an admission by any of the Defendants of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Defendants expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4. **Non-Disparagement**. The Parties agree that, except as compelled by legal process or otherwise required by law, they will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast the other Party in a negative light or to damage the Parties' reputations, business operations, business relationships, or present or future business. A breach of this provision of this Agreement by any Party shall be deemed a material violation of this Agreement. Nothing herein shall be construed to preclude any Party from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, any truthful statements about Plaintiffs's experience litigation this Lawsuit or this settlement.

5. **Release.** In consideration of the Plaintiffs' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiff, with the intention of binding his heirs, beneficiaries, trustees, administrators, executors, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants, as well as their past and present officers, directors, members, shareholders, employees, predecessors, successors, assigns and legal representatives, from and against any and all wage and hour claims that were, or could have been, asserted under federal or state laws by Plaintiff in the Lawsuit, through the date this Agreement is approved by the Court. The Released Claims include, but are not limited to, all

claims under Federal or New York State laws for minimum or overtime wages, unreimbursed expenses, spread of hours, all claims for gratuities under NYLL § 196-d, NYLL § 195 penalties, or any other wage and hour claims that could have been asserted in the Lawsuit, including, without limitation, all claims for restitution and other equitable relief, liquidated damages, penalties, interest or attorneys' fees. The Released Claims include, but are not limited to, any and all claims under the NYLL, Article 6, § 191 (Frequency of payments); § 192 (Cash payment of wages); § 193 (Deductions from wages); § 195 (Notice and record-keeping requirements); § 196-d (Gratuities); § 198-c (Benefits or wage supplements); § 198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq. The Released Claims further include any and all claims under the FLSA, 29 U.S.C. §§ 201 et seq. and applicable federal regulations for minimum wage, overtime, retaliation, reimbursed expenses, tips, gratuities, liquidated damages, penalties, interest, and attorneys' fees.

6.   **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

7.   **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

8.   **Review and Revocation**.

A.   The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B.   Plaintiffs acknowledges that before signing this Agreement, they were given sufficient, and reasonable, time to review and consider it; Plaintiffs have, in fact, carefully reviewed this Agreement; and Plaintiffs is entering into it voluntarily and of his own free will.

C.   The date upon which this Agreement becomes effective (the "Effective Date") shall mean the day the Court enters a written Order granting final approval of the settlement. If the Court does not approve this Agreement, the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the Lawsuit will proceed as if no settlement had been

attempted, and Defendants retain the right to contest the merits of the claims being asserted by Plaintiffs in the Lawsuit, and nothing set forth in this Agreement shall be permitted to be used by any Party against the other.

9. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity have, or have had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiffs have the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

10. **Entire Agreement**. This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

11. **Severability**. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, the Parties agree to promptly execute valid general releases and waivers in favor of each other.

12. **Counterparts**. This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

13. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions. Any action or proceeding between the Parties shall be commenced only in the state or federal courts located in the State of New York, County of Suffolk, and Plaintiffs and Defendants hereby submit to the exclusive jurisdiction of the state and/or federal courts located in the State of New York, County of Suffolk.

14. **Successors and Assigns**. This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

15. **Assignment**. Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent and affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or

otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

16. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

17. **Headings**. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement and shall in no way affect the interpretation of any of the provisions of this Agreement.

18. **Miscellaneous Provisions**.

    a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b. Each of the Parties hereto have joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

19. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice and via electronic mail:

If to Plaintiffs :

    Lina Stillman, Esq.
    Stillman Legal, P.C.
    42 Broadway, 12th Floor
    New York, New York 10004
    Tel: (212) 203-2417
    Email: ls@stillmanlegalpc.com

**If to Defendants:** Kim Miller
Law Office of Daniel R. Miller
503 Fourth Avenue
Brooklyn, NY, 11215
Tel: 718-369-2026
Fax: 718-369-2029
Email: dmiller.esq@verizon.net

[INTENTIONALLY LEFT BLANK; SIGNATURE PAGES TO FOLLOW]

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

_____
Marina Narvaez

DATED: December 30, 2020

_____

BLACK LABEL SALON 25, CORP.

By: _____Connie Lee_____

Title: _____Owner_____

DATED: ~~December~~ ~~2020~~ January 11th 2021

_____Seung Lee_____
Seung Lee

_____Connie Lee_____
Connie Lee

DATED: ~~December 2020~~
January 11th 2021