UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARINA NARVAEZ, *individually and on behalf of all others similarly situated*,

Plaintiff,

– against –

BLACK LABEL SALON 25 CORP., *d/b/a* BLACK LABEL SALON, CONNIE LEE, *and* SEUNG LEE,

Defendants.

**<u>ORDER</u>**

20 Civ. 4465 (ER)

<u>Ramos, D.J.</u>:

Narvaez brought this action on June 11, 2020 against Black Label Salon 25 Corp., Connie Lee and Seung Lee pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and various provisions of the New York Labor Law ("NYLL") and Title 12 of New York Codes, Rules and Regulations ("NYCRR"). *See* Compl., Doc. 1. Narvaez alleges that Defendants failed to pay her overtime, spread-of-hours wages, made unlawful deductions, and failed to properly maintain records. On October 2, 2020, Defendants filed an Answer. Doc. 27. Mediation was held on December 4, 2020 and agreement was reached on all issues. Before the Court is the parties' motion for settlement approval and proposed settlement agreement. Docs. 33, 34.

## I.    LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to

which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.    DISCUSSION

### A.    Range of Recovery

The proposed settlement agreement provides for a recovery of $20,000 plus $561.11 in costs. In Plaintiff's application for settlement approval, she estimates that if she were to fully recover on these claims, she would be owed $45,260. Doc. 33 at 2. While this estimate may be correct, the Court "require[s] some evidence — e.g., declarations, affidavits or exhibits — to evaluate the settlement." *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3 (S.D.N.Y. Apr. 27, 2015) (emphasis added). Without some proof of the parties' calculations, the Court cannot find that the range of the plaintiff's recovery is reasonable. *Id.* at *3 (rejecting settlement for failing to include proof of range of recovery); *cf. Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action because plaintiff's "attorney had created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages."). For this reason, the Court will reject without prejudice the parties' application.

### B. Other Provisions

If the parties submit calculations showing that the settlement amount is reasonable, however, the Court would find that the proposed attorneys' fees are reasonable as well. Narvaez indicates that her attorneys at Stillman Legal would receive $7,227.77, which amounts to one third of the settlement amount, inclusive of $561.11 in costs. Doc. 33 at 2. This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). [1]

Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

The billing records submitted by counsel show an hourly rate of $350 per hour. Doc. 33-2. This is within the reasonable range of fees approved in this District. *See, e.g.*, *Morano v. Intercont. Capital Grp., Inc.*, No. 10 Civ. 2192 (KBF), 2013 WL 474349 (S.D.N.Y. Jan. 25, 2013), at *3 (finding $350 to be "right in the middle" of the reasonable range of hourly rates in this District). Plaintiff's counsel reasonably spent about 22.5 hours on this case, and the lodestar thus comes to $7,875. Doc. 33-2 at 2. This lodestar, compared to the requested $7,227.77, results in a lodestar multiplier (net of fees) of approximately 0.9. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly,

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement *net of costs.*" *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (emphasis added). In this case, however, there is little difference when assessing the attorneys' fees net of costs, as Stillman Legal's recovery would amount to just over 35% of the recovery net of costs. Thus, the recovery is reasonable under either methodology.

the Court accepts the multiplier of 0.9 and determines the $7,227.77 in fees and costs to be reasonable.

The Court also finds that the rest of the settlement agreement is reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges only claims relating to this case. *See Nights of Cabiria*, 96 F. Supp. 3d at 177–81. Moreover, while the agreement includes a non-disparagement provision, this provision includes carve-outs for discussion of facts alleged in this litigation, the parties' factual or legal positions, and truthful statements about the plaintiff's experience litigating the case. *Id.* at n. 65 (requiring a carve-out for truthful statements about the litigation to ensure that settlement agreement was fair and reasonable); *cf. Minaya v. Taxi Cab Partitions, Inc.*, No. 15 Civ. 9079 (ER), 2016 WL 11706867, at *3 (S.D.N.Y. Dec. 6, 2016) (declining to approve settlement when non-disparagement clause included no carve-out for truthful statements about plaintiffs' experience litigating the case).

## III.    CONCLUSION

While the settlement agreement is otherwise fair and reasonable, the Court cannot, however, approve it unless the parties submit records showing a basis for the estimated maximum recovery of $45,260. The parties are instructed to submit such records to the Court by **February 8, 2021.**

It is SO ORDERED.

Dated:    February 1, 2021
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.