UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARINA NARVAEZ, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

BLACK LABEL SALON 25 CORP., *d/b/a* BLACK LABEL SALON, CONNIE LEE, *and* SEUNG LEE,

                Defendants.

**ORDER**

20 Civ. 4465 (ER)

RAMOS, D.J.:

      Narvaez brought this action on June 11, 2020 against Black Label Salon 25 Corp., Connie Lee and Seung Lee pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and various provisions of the New York Labor Law ("NYLL") and Title 12 of New York Codes, Rules and Regulations ("NYCRR"). *See* Compl., Doc. 1. Narvaez alleges that the defendants failed to pay her overtime, spread-of-hours wages, made unlawful deductions, and failed to properly maintain records or pay her on time. Before the Court is the parties' supplemental submission in support of their motion for settlement approval. Doc. 36.

## I.    BACKGROUND

      On February 1, 2021, the Court issued an order denying without prejudice the parties' application for settlement approval. *See* Doc. 35. The Court instructed the parties to submit evidence supporting Plaintiff's estimate that her maximum possible recovery was $45,260, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). However, the Court found that the settlement was otherwise fair and reasonable. Plaintiff submitted a supplemental submission later that day, including a spreadsheet supporting Plaintiff's estimated maximum possible recovery. *See* Doc. 36.

## II. THE SUPPLEMENTAL SUBMISSION

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

Plaintiff's newly-submitted spreadsheet shows the relevant minimum wage and overtime premium rates for each year of her employment, as well as what she alleges she should have been paid per week given her weekly hours worked. *See* Doc. 36. It compares these figures to the weekly amounts she was paid to establish an underpayment figure per week and per year for each year of her employment, totaling approximately $33,858. The spreadsheet also shows damages pursuant to NYLL §§ 191, 195, and 198 for failure to pay on a timely basis and for wage notice and wage statement violations, totaling approximately $11,402. Thus, the spreadsheet submitted by Plaintiff provides sufficient evidence of how Plaintiff arrived at her maximum damages figure of $45,260. *Cf. Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action because plaintiff's "attorney had created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages.").

Moreover, the parties indicate that Defendants dispute these figures and believe that Plaintiff would recover little, if anything, if the parties went to trial. *See* Doc. 33 at 2. In light of this litigation risk, the Court finds that the settlement amount of $20,000 is fair and reasonable

under the circumstances. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 07228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount reflected a "reasonable compromise of disputed issues.") (internal quotation marks and citation omitted).

### III.   CONCLUSION

In light of Plaintiff's supplemental submission, the parties' motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate Doc. 36 and close the case.

It is SO ORDERED.

Dated:   February 2, 2021
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.